United States District Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN JACOB STRINGFELLOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-21-2564 |
| | § | |
| FAYETTE COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Steven Jacob Stringfellow, representing himself, sued Fayette County, alleging what appears to be a malicious prosecution and abuse of process claim. (Docket Entry No. 1). He moves to amend his complaint. (Docket Entry No. 10). In a lengthy, rambling, difficult-to-follow document entitled "Allegations," Stringfellow describes a telephone call to his father from someone allegedly from the Sheriff's Office relaying a report that he (the son) had called the local high school and threatened to come to the school armed. (Docket Entry No. 10-1 at 5–6). Stringfellow appears to allege that the Fayette County Sheriff's Office or District Attorney were trying to have him viewed as a violent person who was threatening to arm himself and then go to the school. (Docket Entry No. 10-1 at 5–6). Stringfellow alleges that the call was part of a wide and deep conspiracy to stop him from finding a child he believes he fathered, and that the conspiracy is tied to a larger scheme of official corruption and evil in the world. (Docket Entry No. 10-1 at 5–7). He asserts that his father thwarted Fayette County's effort to have him prosecuted for terroristic acts. (Docket Entry No. 10-1 at 6). His proposed amended complaint attaches an affidavit from his father and some telephone records. (Docket Entry Nos. 10-1, 10-2, 10-3).

This is not the first rambling, difficult-to-follow, complaint Mr. Stringfellow has filed. *See Stringfellow v. Texas Commission on Health and Human Services, et al.*, No. 1:19-cv-01085 (W.D. Tex. Nov. 7, 2019).

Fayette County opposes Stringfellow's motion to amend and alternatively moves to dismiss. (Docket Entry No. 11). The motion to dismiss is granted. There is no general constitutional right to be free from malicious prosecution or abuse of process. *Morgan v. Chapman*, 969 F.3d 238, 245–48 (5th Cir. 2020); *Deville v. Marcantel*, 567 F.3d 156, 169–70 (5th Cir. 2009). Stringfellow does not allege the elements of the underlying torts; he was not prosecuted or subjected to any official process. To the extent Stringfellow seeks to plead a claim under § 1983, he would have to allege a Fourth Amendment claim, which he does not do. His complaint, with the proposed amendment to add two attachments, fail to state a claim and is so deficient as to make further efforts to amend futile.

The motion to amend to add attachments to the complaint, (Docket Entry No. 10), is granted. Fayette County's motion to dismiss, (Docket Entry No. 11), is granted with prejudice and without leave to amend. The Order of Dismissal with Prejudice is separately entered.

SIGNED on November 2, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge